IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY L. SMITH, ) | |
|     Petitioner, ) | Civil Action No. 12-19 Erie |
| ) | |
| v. ) | |
| ) | District Judge McLaughlin |
| UNITED STATES DISTRICT COURT, ) | Magistrate Judge Baxter |
|     Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the instant action be dismissed due to Petitioner's failure to prosecute this case.

**II.    REPORT**

    **A.    Relevant Procedural History**

The instant action was filed in this Court on January 17, 2012, by Petitioner acting pro se. Petitioner purports to challenge his conviction by the Erie County Court of Common Pleas on crimes of Aggravated Assault and Instrument of Crime. As the respondent to this action, Petitioner names "United States District Court." Petitioner claims that he believes "they were prejudiced towards me and with ineffective counsel they went out of the guidelines." ECF No. 1-1, page 5. As relief, Petitioner seeks to have this Court "remodify [his] sentence to 5 to 10 year prison sentence." Id. at 15.

By Order dated February 1, 2012, this Court directed the United States Marshal to make service of the petition upon the named Respondent, the District Attorney of Erie County, and the Attorney General of the Commonwealth of Pennsylvania. ECF No. 6.

As of February 23, 2012, the U.S. Marshal informed this Court that Petitioner had failed to respond to their requests for directions for service, as well as payment of the service fees. ECF No. 7. Thereafter, this Court instructed that Petitioner show cause for his failure in this regard before May 10, 2012, or risk dismissal of this matter due to his failure to prosecute. ECF No. 8.

Petitioner then filed an appeal to the United States Court of Appeals for the Third Circuit, which was ultimately dismissed for lack of appellate jurisdiction on September 5, 2012. ECF No. 14.

By Order dated September 5, 2012, this Court directed that Petitioner file an Amended Petition for Writ of Habeas Corpus naming the correct Respondents. ECF No. 15. The Order explained that:

> The proper respondent in a petition for writ of habeas corpus is the person who has custody over the petitioner, as well as the District Attorney of the county in which Petitioner was convicted. See Rules Governing § 2254 Cases, Rule 2; Local Civil Rules of the Western District of Pennsylvania, Rule 2254. It is possible that the naming of the "United States District Court" as the sole Respondent in this case has contributed to the inordinate delay in the service of the petition.
>
> In light of the Third Circuit's directive, Petitioner will be given a further opportunity to cooperate in the effectuation of service of the petition for writ of habeas corpus. However, in order to simplify this process, Petitioner should file an amended petition listing the proper respondent as: 1) his custodian/warden/superintendent and 2) the Erie County District Attorney (and deleting the reference to the United States District Court). After Petitioner files the amended petition for writ of habeas corpus, this Court will issue another service order to the U.S. Marshal Service and Petitioner will be directed to provide the Marshal Service with the appropriate forms, copies, and fees in a

timely manner. Petitioner's cooperation in this regard is necessary for this case to proceed.

Id. The Order directed that Petitioner file the Amended Petition before October 2, 2012, and that his failure to do so may result in the dismissal of this case for failure to prosecute. Id. Once again, Petitioner failed to comply.

By Order dated October 10, 2012, this Court directed Petitioner to show cause for his failure to file the Amended Petition before October 16, 2012. This Order again warned that Petitioner's continued failure to comply would result in the dismissal of this case. ECF No. 16. As of today's date, Petitioner has not complied.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. This case is over nine months old, yet Plaintiff has not taken the initial steps in having this petition served upon Respondents. As this Court explained in the September 5th Order, Petitioner's cooperation in naming the correct Respondent and in accomplishing

3

service of the petition is vital to the continuance of this action. Without Petitioner's cooperation in this regard, this case cannot proceed. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Petitioner's arguments could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

Accordingly, this case should be dismissed due to Petitioner's failure to prosecute.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant action be dismissed due to Petitioner's failure to prosecute this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  October 22, 2012